UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 09-11052-RWZ

IRVIN JOSEPH

v.

A.W. CHESTERTON CO.


ORDER
September 28, 2010

ZOBEL, D.J.

Plaintiff commenced this employment discrimination action pro se on June 19, 2009. He filed an amended complaint which defendant answered. Then the litigation became mired in discovery disputes. Despite two conferences with the court and orders by the court regulating the process, it remains bogged down. Much of the problem derives from plaintiff's insistence on unfettered access to co-workers' personnel and medical files. Defendant objected to producing such files, but did provide charts including relevant information.

At the most recent, the second, scheduling conference held on June 29, 2010, the court ordered defendant to expand the chart with similar information for three additional employees by July 9, 2010. The court and the parties also discussed a deposition schedule and the court allowed defendant's motion to compel plaintiff to attend his deposition (Docket # 26). It ordered all discovery to be concluded by July 30 and set a schedule for filing and briefing dispositive motions starting August 31, 2010.

By his own admission plaintiff has declined to appear for his deposition but has presented further motions in support of his discovery positions and proposed schedule which the court has previously addressed and denied. In light of this background following are my rulings on the pending motion in the order in which they were filed.

**Plaintiff's Motion for a Protective Order Regarding Defendant's Notice of Deposition of Irvin Joseph (Docket # 28)**

Plaintiff made very specific demands as to how the depositions should be scheduled. Defendant made a more than reasonable effort to comply (Docket # 31, Exh. B), but plaintiff again refused to depose defendant witnesses or be deposed. The motion is denied.

**Plaintiff's Motion for Enlargement of Time (Docket # 29)**

Concordant with the above motion (Docket # 28), plaintiff requests additional time until October 15 to take the depositions of defendant's employees and to make himself available for his own deposition. This motion is allowed as detailed under Docket # 30 below.

**Plaintiff's Memorandum in Support of Motion to Compel Production of Documents and to Compel Defendant to Comply with the Court Order (Docket # 30)**

Since the docket does not show a motion to compel production of documents, I will treat this "Memorandum" as a motion. Because plaintiff's requests were over broad and sought unnecessarily expansive and intrusive access to personnel records of his co-workers, the court denied his request and agreed with the parties, as noted above, that defendant would supply the relevant information for three additional employees in

the form of a chart. The chart has been provided. The motion is denied insofar as it pertains to documents.

In light of the ongoing difficulties in scheduling depositions, the court orders that plaintiff shall participate in his deposition at a time convenient to both parties on or before October 12, 2010. He may thereafter take no more than six depositions of defendant's employees, including a Fed. R. Civ. P. 30(b)(6) deposition. These shall all be completed by October 22.

If he fails again to comply with the court's order, the complaint will be dismissed with prejudice.

**Defendant's Emergency Motion for Extension of Time (Docket # 33)**

Defendant asks for an extension of time to file its summary judgment motion because none of the requisite depositions have taken place. The motion is allowed; defendant shall file its summary judgment motion together with supporting documents no later than November 12, 2010. Any opposition with supporting documents is due December 10, 2010. The motion and briefs shall be double-spaced and the briefs shall not exceed 20 pages in length.

**Plaintiff's Motion for Leave to Reply to Defendant's Omnibus Opposition to Plaintiff's Discovery Motions (Docket # 36)**

This motion is denied as moot.

**Plaintiff's Motion for Leave to Reply to Defendant's Opposition to Plaintiff's Request for Protective Order (Docket # 37)**

This motion is denied as moot.

**Plaintiff's Motion for Leave to File Reply in Support of Enlargement of Time (Docket # 38)**

This motion is denied as moot.


|  |  |
|---|---|
| September 28, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |